IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANICE WOLK GRENADIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:14cv827 (LMB/TCB) |
| | ) |
| BWW LAW GROUP, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court are plaintiff's pro se Motion for Reconsideration [of the] Order Dated January 30, 2015 ("Motion for Reconsideration") [Dkt. No. 69], which dismissed plaintiff's Amended Complaint with prejudice, and Plaintiff['s] Response to Troutman Saunders Conflict of Interest [Dkt. No. 72], which plaintiff filed without the Court's permission after the Court had already dismissed this civil action. The Motion for Reconsideration is currently scheduled for oral argument on March 13, 2015. Having reviewed plaintiff's filings, the Court finds that the facts and legal contentions are adequately presented in the materials before the Court and neither oral argument nor a response from any defendant would aid the decisional process.

A motion to reconsider is usually brought under Fed. R. Civ. P. 59 or 60. Motions to alter or amend final judgments under Fed. R. Civ. P. 59(e) are discretionary and "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). A motion for relief from judgment under Fed. R. Civ. P. 60(b) may be granted for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, a movant under Rule 60(b) must "demonstrate the existence of a meritorious claim or defense" to the action. Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981) (citations omitted).

The Motion for Reconsideration raises numerous arguments, most of which are reiterations of arguments addressed by the Court's prior rulings. As she has in prior filings, plaintiff complains that the assignments of the Deed of Trust were forged and that defendants have not produced the original Note. The Court fully addressed these arguments in its Memorandum Opinion of January 30, 2015, in which it explained that plaintiff does not have standing to challenge the allegedly-forged assignments and that plaintiff's "show me the note" claim is directly contrary to Virginia's non-judicial foreclosure laws. Plaintiff also repeats her claim that the undersigned judge is biased; however, the Memorandum Opinion explained that plaintiff's dissatisfaction with how a different judge in this court decided an unrelated matter was not a valid reason to request recusal. Plaintiff further contends that the undersigned judge displayed bias by dismissing plaintiff's Amended Complaint and ruling on motions without first hearing oral argument. These arguments are meritless.

There is no requirement that a court hear oral argument before deciding civil motions. Indeed, Fed. R. Civ. P. 78 ("Rule 78") expressly permits courts to rule on motions "without oral hearings." Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); see also E.D. Va. Local Civ. R. 7(J) ("In

accordance with Fed. R. Civ. P. 78, the Court may rule upon motions without an oral hearing."). The Fourth Circuit has explained that Rule 78 "makes it clear that hearings on motions are to be in the discretion of the district courts" and that the language of Rule 78 "is broad and does not exclude any type of motion." Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc., 973 F.2d 349, 352 (4th Cir. 1992) (internal quotation marks omitted). Therefore, there is no support for plaintiff's assertion that the Court's decision to rule based on the papers demonstrated bias against the plaintiff.

Plaintiff also complains that she was deprived of her right to a jury trial and to present evidence. For a civil action to proceed to trial, the complaint must allege facts sufficient to plausibly state a legally cognizable claim, otherwise it may be dismissed under Fed. R. Civ. P. 12(b)(6). See Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012); see also 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that, for plaintiffs proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"). For all of the reasons stated in the Memorandum Opinion, the facts stated in plaintiff's Amended Complaint, taken as true, failed to give rise to any legally cognizable claim. Accordingly, the Court dismissed the action in its entirety, thereby obviating the need for a trial.

In addition, plaintiff raises two new arguments for the first time in her Motion for Reconsideration. First, she argues that "[a]ny obligation to a note has been satisfied, accord and satisfaction in good faith have been met[,] the account is settled and is zero." Mot. Recons. 3. This argument fails because there is no allegation in the Amended Complaint that plaintiff paid her debt in full or entered into an agreement resulting in accord and satisfaction of the debt. Therefore, this argument is meritless. Second, plaintiff argues that the attempted foreclosure upon her home violated the Fourth Amendment of the United States Constitution. It is well

established that the Fourth Amendment protects the right "to be free from unreasonable governmental intrusion," Terry v. Ohio, 392 U.S. 1, 9 (1968) (emphasis added); it does not protect against intrusions by purely private parties. All of the defendants in this action are private entities or individuals; thus, the Fourth Amendment does not protect plaintiff from defendants' attempt to foreclose upon her home.

Lastly, plaintiff's brief regarding Troutman Saunders merely reiterates her unfounded assertion that the undersigned judge is biased against plaintiff, and it alleges facts that are not germane to this civil action.

In sum, plaintiff's arguments are meritless and she has not brought this Motion for Reconsideration under any of the permissible grounds. Moreover, a motion for reconsideration is "not authorized when it is nothing more than a request for the district court to change its mind." Lee X v. Casey, 771 F. Supp. 725, 728 (E.D. Va. 1991) (citing United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)) (discussing Rule 60(b)); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (internal quotation marks omitted)). For these reasons, the Court will not alter its decision. Accordingly, it is hereby

ORDERED that the Motion for Reconsideration [of the] Order Dated January 30, 2015 [Dkt. No. 69] be and is DENIED; and it is further

ORDERED that any relief sought by Plaintiff['s] Response to Troutman Saunders Conflict of Interest [Dkt. No. 72] be and is DENIED.

To appeal the denial of the Motion for Reconsideration, plaintiff must file a written Notice of Appeal with the Clerk of this Court within 30 days of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and noting the date of the order

plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

Plaintiff is also advised that the filing and denial of this motion does not affect the 30-day deadline for filing a Notice of Appeal of the Order dismissing this civil action [Dkt. No. 66]. That 30-day time period has been running from plaintiff's receipt of the Order of January 30, 2015. Failure to file a timely Notice of Appeal will waive the right to appeal.

The Clerk is directed to forward copies of this Order to plaintiff pro se at her address of record and counsel of record.

Entered this 19th day of February, 2015.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge